UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:20CR00038 KGB |
| | ) | |
| JUSTIN PALMER | ) | **UNDER SEAL** |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Lauren Eldridge, Assistant United States Attorney, respectfully submits this sentencing memorandum for the Court's consideration.

On October 8, 2020, the Grand Jury for the Eastern District of the Arkansas returned a three-count indictment charging Justin Palmer with one count of attempted production of child pornography, in violation of 18 U.S.C. § 2251(a), and two counts of production of child pornography, in violation of 18 U.S.C. § 2252(a)(2). On August 4, 2023, the defendant entered a plea of guilty to Count Two of the indictment (production). Sentencing is set for July 25, 2024. Palmer objects to the application of U.S.S.G. § 4B1.5(b)(1), which increases his base offense level by five levels because he engaged in a pattern of activity that involved prohibited sexual conduct. While not contemplated in the plea agreement, the United States believes the Chapter Four enhancement is appropriately applied in the presentence report (PSR) and submits that the correctly calculated offense level is therefore 45.

### I.   FACTUAL BACKGROUND

In March 2020, a Federal Bureau of Investigation (FBI) investigation in New Jersey revealed that an individual had been abusing a nine-year-old girl and sending photographs of the

1

abuse to other people online. One of the individuals who received the child pornography via KIK messenger used the screen name "skipdinnergetmethin." A subpoena to KIK messenger resulted in the FBI obtaining user information for "skipdinnergetmethin," including two IP addresses. One of the IP addresses belonged to a subscriber with the last name "Palmer" at an address on Alan Cove in Jonesboro. The other IP address was traced to a company with an office in Blytheville, which was later determined to be the workplace of Justin Palmer.

On September 25, 2020, FBI executed a search warrant at Justin Palmer's workplace at 400 Terra Road in Blytheville, Arkansas. In Palmer's private office, agents located a Samsung mobile phone inside a backpack that belonged to Palmer.

In reviewing the content of the mobile phone, agents learned that Palmer used the screen name "skipdinnergetmethin" to pose as a 15-year-old girl and coach teen and preteen girls how to be anorexic. During the conversations, Palmer instructed girls to perform a variety of humiliating and harmful acts while they were naked so that they would feel disgusted with themselves and be motivated to lose weight. Many of these conversations were saved as screenshots to Palmer's phone.

One of the screenshots shows that in March of 2020, Palmer, using the screenname "skipdinnergetmethin," said to an individual using the initials A.H., "yeah not covering anything," to which A.H. replied, "like completely nude?" Palmer stated, "Yes, that's proper. That's how I normally do mine." A.H. then expressed fears about recording the activity Palmer wanted to see. The thumbnail picture associated with A.H. in the chat appeared to be a young female between the ages of 12-14 years old.

Another screenshot, dated March of 2020, shows a conversation between Palmer, using the screenname "skipdinnergetmethin" and an individual using the initials I.D. Palmer messaged to

I.D., "You'll need to do a pull but with nothing on. That's the proper way. Ok pig?" The individual, who appeared to be a minor female between 12-14 years old, replied, "no underwear?" The minor female then sent a video in which she appeared completely nude. Palmer responded, "Good job. It's hard seeing all the fat isn't it?"

Another interaction that was saved in Palmer's phone was a conversation between Palmer, using the screenname "skipdinnergetmethin" and an individual using the initials G.L. that was dated April of 2020. Palmer asked, "what are your stats," to which G.L. replied, "cw [current weight] 93 pounds. Five feet one inch. Female. 13 years old. Goal weight 75." Palmer instructed G.L., who appeared to be a female between 12-14 years of age to "suck in your belly so I can see your ribs." G.L. proceeded to send Palmer two photos of a 12-14 year-old female completely nude. Palmer's phone contained a folder with 38 images and 49 videos of the same minor female. Of the 89 files, 71 contained sexual acts.

## II. CHAPTER FOUR ENHANCEMENT

Palmer objects to the application of U.S.S.G. § 4B1.5(b)(1) because it was not contemplated by the plea agreement. Palmer also objects to the characterization that he engaged in a pattern of activity involving prohibited sexual conduct.

The United States concedes that the parties did not contemplate a Chapter Four enhancement; however, nothing in the plea agreement precludes the Court from applying it. *See generally* Doc. No. 30. As further discussed below, the additional five levels are applicable.

As a threshold matter, Palmer does not dispute the offense conduct listed in paragraphs 6, 7, 8, 9 10, and 11 of the PSR, which summarize separate and distinct interactions Palmer had with different victims.

Section 4B1.5(b) of the Sentencing Guidelines adds five levels if an offense of conviction

is a "covered sex crime" and the defendant engaged in a "pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b). An application note adds that the "pattern" of prohibited conduct must cover at least two "separate occasions." § 4B1.5, cmt. n.4(B)(i). For purposes of § 4B1.5, "prohibited sexual conduct" includes the production of child pornography. § 4B1.5, cmt. n.4(A).

The Eighth Circuit has held that repeated and prohibited sexual conduct with a single victim may qualify as a "pattern of activity" under the plain language of the application note in § 4B1.5, cmt. n.4(B)(i). *See United States v. Pappas*, 715 F.3d 225, 229 (8th Cir. 2013); *see also United States v. Fleetwood*, 457 Fed.Appx. 591, 592 (8th Cir. 2012) (unpublished) (applying the five-level enhancement where defendant had sexual intercourse with one minor victim on at least five separate occasions). Further, the Eighth Circuit recognized that "inchoate offenses, such as attempted production of child pornography, may be considered prohibited sexual conduct for purposes of the enhancement." *United States v. Toney*, 859 Fed.Appx. 1, 2 (8th Cir. 2021) (internal quotation marks omitted) (citing *United States v. Morgan*, 842 F.3d 1070, 1077 (8th Cir. 2016)). "Conduct comprising a dismissed count may be used as relevant conduct for sentencing purposes." *United States v. Ord*, No. 22-2163, 2023 WL 5320035, at *2 (8th Cir. Aug. 18, 2023).

In *Toney*, the defendant pleaded guilty to attempted production of child pornography, as well as receipt and distribution of child pornography. *Toney*, 859 Fed.App. at 1. In that case, the defendant, who posed as a woman on an online dating website, exchanged messages with various women once he confirmed they had children. *Id*. During the conversations, the defendant would send sexually explicit images of minors and encourage the recipients to send him similar pictures of their own children. *Id*. The defendant argued that the district court erred in applying the five-level enhancement pursuant to § 4B1.5 because the prohibited sexual conduct was not with a

4

minor, but with the parents of minors. *Id.* at 2. The Eighth Circuit upheld the district court's application of the enhancement, though, stating, "the conduct underlying each of Toney's two 'occasions' of 'prohibited sexual conduct' with a minor was an attempt to use a minor to produce child pornography." *Id*.

Similarly, Palmer used on online platform and a fake persona to attract potential victims. Unlike the defendant in *Toney*, however, Palmer went straight to the source: he communicated with the minors directly and, in doing so, succeeded in obtaining sexually explicit content of them. The undisputed facts in the PSR demonstrate Palmer's repeated sexually predatory behavior towards teen and preteen females. Production of child pornography—what Palmer pleaded guilty to—is a "covered sex crime" for the purposes of the enhancement. U.S.S.G. § 4B1.5. Further, the inchoate offense described in paragraph 8 of the PSR and Count One of the indictment qualifies as an "occasion" of "prohibited sexual conduct." *Toney*, 859 Fed.App. at 2. The Court could apply the five-level enhancement based solely on Palmer's conduct with G.L., who sent 71 images and videos to Palmer containing sexually explicit material or based on a combination of relevant conduct. Either way, the offense conduct clearly shows that Palmer engaged in a pattern of prohibited sexual conduct with minors.

### III.   SENTENCE REQUEST

As outlined in the PSR, Palmer's guideline range, even with the third level reduction for acceptance of responsibility, is life. The statutory maximum, though, is 30 years imprisonment, so Palmer's guideline range is 30 years or 360 months. The United States is asking for the maximum allowable sentence in this case. The psychological, physical, and sexual abuse Palmer inflicted on these minor females was calculated and cruel. Palmer did not just happen upon his victims; he sought them out in specific online platforms that attracted young, vulnerable females desperate for

attention in the early days of the Covid pandemic. Palmer befriended the victims through deceit and took advantage of their insecurities, isolation, shame, and naivete by soliciting increasingly vile and sexual content of them. Palmer's predations went far beyond the typical scope of production cases: encouraging girls to drink toilet water, cut into their skin, urinate into a bottle and drink it, masturbate with household objects, and cover their skin in shameful phrases about their weight. The humiliation, self-hatred, and physical pain these victims—known and unknown—suffered as a result of Palmer's lies and manipulation was, and likely continues to be, undoubtedly profound. Palmer is 44 years old. The public deserves to be safe from this predator for as long as possible.

## IV. CONCLUSION

The United States believes the sentencing enhancement pursuant to U.S.S.G. § 4B1.5(b) is applicable and appropriate. The United States requests this Court impose a 360-month sentence in accordance with the factors set out in 18 U.S.C. § 3553(a).

JONATHAN D. ROSS
United States Attorney

BY: LAUREN ELDRIDGE
AR Bar Number 2014230
Assistant U.S. Attorney
P.O. Box 1229
Little Rock, AR  72203
Telephone:  (501) 340-2600
E-mail:  Lauren.Eldridge@usdoj.gov